UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORAN FOODS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CV 1398 JMB |
| ) | |
| TOP NOTCH PRODUCTS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. On October 18, 2024, Defendant Top Notch Products removed this matter from the Circuit Court of St. Louis County, Missouri, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332. Jurisdiction is a threshold requirement which may be raised at any time and by any party or the court. Gray v. City of Valley Park, Mo., 567 F.3d 976, 982 (8th Cir. 2009). See also, City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the Defendant, as the removing party. V S Ltd. P'ship v. Dep't of Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). See also, Magee v. United States, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

Defendant states that the amount in controversy is in excess of $75,000 and that:

Complete diversity of citizenship exists between Moran and Top Notch at the commencement of the State Court Action, the time of removal, and all intervening times because Top Notch was and is a resident and citizen of the State of Massachusetts and Moran was and is a resident and citizen of Missouri.

As Defendant acknowledges, a corporation is a citizen of the state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant's statement of the parties' citizenship is lacking in that the Notice of Removal does not specifically state where the parties are incorporated nor where their principal place of business is located.  A statement of the corporation's residence is immaterial.  While the Court acknowledges that Defendant has correctly set forth the citizenship of the parties in its recently filed Motion to Dismiss, such information must be contained in the Notice of Removal.

Defendant shall file an amended Notice of Removal correcting these deficiencies by **November 4, 2024**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of October, 2024