UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORAN FOODS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CV 1398 JMB |
| ) | |
| TOP NOTCH PRODUCTS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. On October 18, 2024, Defendant Top Notch Products removed this matter from the Circuit Court of St. Louis County, Missouri, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332. Jurisdiction is a threshold requirement which may be raised at any time and by any party or the court. Gray v. City of Valley Park, Mo., 567 F.3d 976, 982 (8th Cir. 2009). See also, City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the Defendant, as the removing party. V S Ltd. P'ship v. Dep't of Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). See also, Magee v. United States, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

In its notice of removal, Defendant stated that the amount in controversy is in excess of $75,000 and that:

> Complete diversity of citizenship exists between Moran and Top Notch at the commencement of the State Court Action, the time of removal, and all intervening

      times because Top Notch was and is a resident and citizen of the State of Massachusetts and Moran was and is a resident and citizen of Missouri.

(Doc. 1).  This statement of the parties' citizenship was deficient, and Defendant was directed to correct them (Doc. 11).  In doing so, the Court found that Defendant had correctly alleged the parties' citizenship in its Motion to Dismiss.  That was in error.

      In the amended notice, Defendant states that Plaintiff is a "Missouri Limited liability company with its principal place of business" in Missouri (Doc. 12).  This is an insufficient statement of Plaintiff's citizenship.  The citizenship of an LLC is determined by the citizenship of its members.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 197 (1990); <u>GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.</u>, 357 F.3d 827, 829 (8th Cir. 2004).

      Defendant is again directed to file an amended notice of removal correctly setting forth the parties' citizenship.  The amended notice is due by December 2, 2024.

      */s/ John M. Bodenhausen*
      JOHN M. BODENHAUSEN
      UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2024